IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN ROMANIA,

        Plaintiff,

vs.

JASON VOLK, ROSENTHAL COLLINS GROUP, LLC AND DOES 2-5,

        Defendants.

O R D E R
Civ. No. 08-6229-AA

AIKEN, Judge:

The court held a hearing on October 2, 2009, to determine the amount of default judgment. Damages were awarded as requested by plaintiff except for the issue of punitive damages, which the court took under advisement.

Plaintiff requests a punitive damages money award in the amount of $350,000. Plaintiff was previously awarded a compensatory damages money award of $350,000, as well as pre- and

1 - ORDER

post-judgment interest, attorney fees and costs. Plaintiff's request for punitive damages is based on his allegation that, "[d]efendant defrauded and deceived me into investing with him based on intentional misrepresentations and omissions of important facts." Plaintiff's Declaration, p. 2, para. 10. Relying on <u>Wieber v. FedEx Ground Package System, Inc.</u>, 231 Or. App. 469, ___ P.3d ___, 2009 WL 3448182 (2009) (guideposts and reprehensibility factors) and <u>Vasquez-Lopez v. Beneficial Oregon, Inc.</u>, 210 Or. App. 553, 152 P.3d 940 (2007) (punitive damages discussion/reasonableness), plaintiff is entitled to an award of $350,000 for punitive damages in this case. A one-to-one ratio of compensatory to punitive damages is reasonable here. Relying on the case law cited above, defendant's conduct was "moderately reprehensible," and the harm was purely economical in that plaintiff lost his entire $350,000 investment. The "guidepost" of reprehensibility associated with defendant's misconduct is the "most important indicator of the reasonableness of a punitive damages award." <u>Wieber</u>, 2009 WL 3448182, *13 (citing <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 559, 575 (1996)). Defendant's actions qualify for application of the fifth reprehensibility factor (intentional conduct), as well as the third and fourth factors. Plaintiff was financially vulnerable and the misconduct was composed of repeated actions by defendant. Plaintiff was retired and not particularly financially sophisticated. As a result of plaintiff's dealings with defendant, plaintiff had to cancel another business deal. Defendant knew this information, thus supporting application of the fifth reprehensibility factor: "intentional malice, trickery,

2 - ORDER

or deceit[.]"  <u>Id.</u>  The first and second reprehensibility factors do not apply.  Thus, two, perhaps three reprehensible factors are met, making defendant's conduct "moderately reprehensible." Therefore, a one-to-one ratio of compensatory to punitive damages is appropriate.

CONCLUSION

Plaintiff's request for punitive damages is granted. Punitive damages in the amount of $350,000 is awarded to plaintiff.

IT IS SO ORDERED.

Dated this 8 day of December 2009.

Ann Aiken<br>United States District Judge

3 - ORDER